OPINION OF THE COURT
Nathaniel T. Helman, J.
This motion is brought by the defendant, J I Case Company for an order granting summary judgment against the plaintiff, Steckmar National Realty and Investment Corporation.
On April 30, 1970, the J I Case Company, a manufacturer of cranes, sold a crane to Frank Akey, doing business as West End Motors. On April 23, 1974 plaintiff purchased the same crane from one Akey. Prior to plaintiff’s acquisition of the crane, Akey had used it for 2,000 hours, and in selling same to plaintiff the price was reduced by approximately one half of its original cost.
In or about June, 1974, and before plaintiff ever operated the crane, a crack in the underside of the base was discovered rendering the crane inoperable. Plaintiff brings this action to recover its economic loss, to wit, the cost of repair and loss of profits resulting from the inability to make use of the defective crane. Plaintiff’s first theory of liability is in breach of warranty. A cause of action for breach of warranty is a contractual remedy, one which seeks to provide the parties with the benefits of their bargain. Inasmuch as there is no contractual relationship between the parties there is no warranty either express or implied under the Uniform Commercial Code. While the Legislature has extended the protection of warranty to third parties, if it is reasonable to expect that such persons may use, consume or be affected by the goods, that protection is afforded only to natural persons who suffer personal injuries. (See Uniform Commercial Code, § 2-318.)
In the case of Randy Knitwear v American Cyanamid Co. *214 (11 NY2d 5) the Court of Appeals further extended the warranty protection to a subpurchaser who justifiably relied upon representations made by the manufacturer to the public through advertising and in labels tagged to the goods themselves. In Randy (supra), the subpurchaser acquired unused material from its vendor that was manufactured by Cyan-amid, the defendant in that action. Each piece of fabric purchased was tagged with the manufacturer’s label that bore the legend "will not shrink”. Moreover, in reliance upon Cyanamid’s representation, the subpurchaser paid an additional charge for the cost involved in rendering the fabric shrink proof.
Unlike the Cyanamid case, the plaintiff at bar cannot show justifiable reliance. The crane was four years old at the time plaintiff purchased it from its vendor and was never used by plaintiff; it caused no personal injury or damage to other property. In addition, plaintiff purchased the crane "as is”. In every sense, the crane was used equipment and not new equipment, and the buyer assumed risks based on the prior use of the crane.
Finally, plaintiff’s first cause of action based on breach of warrant is barred by the Statute of Limitations. (See Uniform Commercial Code, § 2-725.) The crane was delivered and signed over to Akey on April 30, 1970 and this action was not commenced until April 14, 1977.
Plaintiff’s second and third causes of action are brought under the tort theories of strict products liability and negligence. Unlike the claim of breach of warranty, the plaintiff does not have to be in privity with the seller of the product to assert a claim for strict liability or negligence. (Martin v Dierck Equip. Co., 43 NY2d 583.) A cause of action for negligence or for strict products liability seeks to provide a remedy for an individual injured because of another’s violation of an obligation imposed, not by contract, but by law. It does not attempt to afford the injured party the benefit of any bargain but rather endeavors to place him in the position he occupied prior to the injury.
This fundamental distinction is reflected in the principle that economic loss is not the character of harm contemplated by the rule which renders a manufacturer liable for negligence or strict products liability. (Amodeo v Autocraft Hudson, 195 NYS2d 711.) For example, in Trans World Airlines v Curtiss-Wright Corp. (1 Misc 2d 477) the plaintiff, Trans World *215 Airlines, was the subpurchaser of certain airplane engines manufactured by the defendant Curtiss-Wright and sought to recover its economic loss resulting from the defective engines. The court stated that (p 482):
"TWA was not without remedy. Until an accident attributable to a defective engine happened, its only remedy was to hold Lockheed, the seller, for breach of warranty. It is only when the danger inherent in a defectively made article causes an accident that a cause of action against the manufacturer also arises.
"If the ultimate user were allowed to sue the manufacturer in negligence merely because an article with latent defects turned out to be bad when used in 'regular service’ without any accident occurring, there would be nothing left of the citadel of privity and not much scope for the law of warranty.”
Damages for inferior quality short of an accident should better be left to suits between vendors and purchasers since they depend on the terms of the bargain between them. When the manufacturer has not made representations to the public and when no danger of physical harm results from his act, recovery for most consequential economic loss caused by a defective but not dangerous product cannot be justified either on the grounds of deterrance of dangerous conduct or responsibility for induced reliance.
Plaintiff’s fourth cause of action which seeks damages by virtue of an assigment of claim which Frank Akey, doing business as West End Motors, allegedly had against J I Case must be dismissed. The causes of action possessed by Akey are based on the same theories alleged under the first three causes of action; namely, breach of warranty, negligence and strict products liability.
Accordingly, defendants’ motion for an order granting summary judgment against the plaintiff is in all respects granted.