■ CHARLES W. PECORELLA et al., Doing Business as BROCKPORT INDUSTRIAL CENTER, Appellants, v GREATER BUFFALO PRESS, INC., et al., Defendants and Third-Party Plaintiffs-Respondents, and CHARLES W. PECORELLA et al., Third-Party Defendants. — Order unanimously reversed, with costs, plaintiffs' motion granted and matter remitted to Supreme Court, Orleans County, for *further proceedings in accordance with the following memorandum:* Plaintiffs appeal from an order which denied their motion for summary judgment in an action brought to compel defendants to perform pursuant to a written contract whereby the plaintiffs agreed to sell and defendants agreed to purchase certain real property situate in the town of Albion. In denying the motion, Special Term indicated that there existed material issues of fact precluding the granting of summary judgment, among them "whether the alleged contract relationship between the parties is covered solely within the written agreement executed by the parties? Were there inducements to the execution of the contract which must now be considered? Is parol evidence admissible to explain portions of the contract? Were the plaintiffs actually owners of the real property so as to enable them to enter into the original contract?" We hold that there are no material issues of fact and that partial summary judgment should be granted. The contract entered into between the parties is not complicated and is in typewritten form instead of a standard printed form real estate contract. It contains no contingencies. Defendants were represented by experienced counsel when they entered into the agreement. Most importantly, the contract includes the following language: "This instrument, upon acceptance by Sellers, shall constitute the entire agreement between the parties hereto relating to said sale and purchase and supersedes all prior or other agreements and representation in connection with said sale and purchase and this agreement cannot be changed except in writing signed by the parties." In their answer to the complaint and responses to plaintiffs' motion for summary judgment, defendants refer to various "representations, warranties, assurances, covenants and agreements" constituting an inducement to their entering into the agreement, despite the earlier quoted unequivocal language contained in the contract. Parol evidence may not be admitted "to show a condition precedent which contradicts, varies or negates the terms of the written agreement" *(Hirsch v Berger Import & Mfg. Corp.,* 67 AD2d 30, 33). Finally, the record in this case establishes without quarrel that at the time the parties entered into the contract, the plaintiffs owned the real property in question. The fact that they did not own it when negotiations were first undertaken by the parties and before the contract was signed is irrelevant. The case is remitted to Supreme Court, Orleans County, for a determination of the relief to be afforded plaintiffs. (Appeal from order of Orleans Supreme Court, Miles, J. — summary judgment.) Present — Dillon, P.J., Hancock, Jr., Doerr, Denman and Moule, JJ.