■ POTSDAM CENTRAL SCHOOLS, Respondent, v HONEYWELL, INC., Appellant.—Levine, J. Appeal from that part of an order of the Supreme Court at Special Term (Grow, J.), entered March 20, 1985, in St. Lawrence County, which treated defendant's motion to dismiss the complaint as a motion for summary judgment and denied the same with respect to plaintiff's first cause of action.

Plaintiff brought the instant action for breach of an express warranty under a written contract for the purchase from and maintenance by defendant of a computerized heating control system for plaintiff's school buildings. In the only remaining cause of action before us on appeal, plaintiff based its claim on a guarantee of energy savings of over $20,000 contained in a written schedule X which it alleges was part of the agreement between the parties. Defendant moved to dismiss the complaint under CPLR 3211 (a) (7) on the ground that schedule X was not included within the written agreement and that, therefore, any claim based thereon is barred by the parol evidence rule. Defendant annexed to its moving papers a signed copy of the parties' agreement, consisting of a face sheet/signature page and schedules K and L1. The face sheet/signature page set forth boxes to be checked designating which of various possible schedules were to be incorporated into the agreement. Only the boxes for schedules K and L1 were checked, which are also the only schedules otherwise referred to on that page. Also contained on the face sheet/signature page is a clause providing that "[t]his agreement shall constitute the entire Agreement between us". The schedules that were expressly incorporated in the agreement further provided in bold-face type that, apart from a 90-day warranty against defects in materials and workmanship, de-

fendant "makes no other warranties, express or implied, including any warranty of merchantability or fitness for a particular purpose".

Plaintiff's answering papers consisted of an affidavit by the president of its school board at the time it entered into the agreement. The affiant did not deny the authenticity of the signed copy of the agreement attached to defendant's motion papers or the absence of a checkmark opposite schedule X on the contract's face sheet/signature page. Rather, he averred that an understanding had been reached during negotiations that the energy savings guarantee set forth in schedule X was to be incorporated in the agreement and that schedule X was in fact attached to the copy thereof which he signed as president of the board and transmitted for execution to defendant. His affidavit also states that defendant had not returned to plaintiff a fully executed copy of the agreement until after the present dispute arose.

Special Term elected to treat the motion to dismiss as one for summary judgment and, in a bench decision not made part of the record, granted the motion as to plaintiff's second and third causes of action, but denied it as to the first. This appeal by defendant followed.

The order should be modified. The parol evidence rule is one of substantive contract law rather than merely a rule of evidence (*Higgs v De Maziroff,* 263 NY 473, 477) and, therefore, may properly afford the basis for summary judgment (*Accord Farmers Co-op. v Levine,* 36 AD2d 656).

Here, the written agreement, the validity of which the plaintiff does not contest, did not expressly incorporate schedule X, but did contain the previously quoted merger clause and a disclaimer of warranties such as the energy savings guarantee of schedule X. Moreover, plaintiff's answering affidavit does not assert that schedule X was actually executed by both parties as part of the agreement. It is merely claimed that during the negotiations, an understanding had been reached that the guarantee was to be included and the copy of the contract executed by plaintiff and sent to defendant contained schedule X. Without proof that schedule X was attached and made a part of the contract executed by both parties, its inclusion in the contract documents signed by plaintiff and sent for execution to defendant is of no significance. This establishes nothing more than that plaintiff had transmitted an offer to contract on the basis of inclusion of the guarantee. Without proof of defendant's acceptance of plaintiff's offer in that form, it is of no probative value on

whether the final agreement of the parties included schedule X. Therefore, on this cause of action plaintiff is relegated to reliance upon its allegations concerning the antecedent oral understanding that the energy savings guarantee was to be part of the parties' agreement.

Under settled New York law, parol evidence of the alleged oral agreement concerning the energy savings guarantee, offered to vary the terms of the parties' written contract, is only admissible if three conditions are met: (1) that the oral agreement is collateral to the written contract; (2) that it does not contradict express or implied provisions of the written contract; and (3) that the written contract, read in the light of the surrounding circumstances, must not appear to indicate that it contained the entire agreement of the parties *(Mitchill v Lath,* 247 NY 377, 381; *William H. Waters, Inc. v March,* 240 App Div 120, 125; 22 NY Jur, Evidence, § 597, at 108-109 [1962]). The claimed oral agreement of the parties regarding the guarantee clearly fails to meet the second and third of these conditions. The guarantee is directly contradictory of the disclaimer of warranties provision of the written agreement and this alone would exclude it even if the written agreement were not complete *(see, Laskey v Rubel Corp.,* 303 NY 69, 72-73).

Likewise, plaintiff has not offered any proof of circumstances which would avoid the preclusive effect of the apparent completeness of the written contract, including the unchecked box opposite schedule X and the merger clause *(see, Judnick Realty Corp. v 32 W. 32nd St. Corp.,* 61 NY2d 819, 822; *Fogelson v Rackfay Constr. Co.,* 300 NY 334, 340; *Pecorella v Greater Buffalo Press,* 84 AD2d 950, *appeal dismissed* 55 NY2d 877).* The same result would obtain under UCC 2-202 (Buerger and O'Connor, Practice Commentary, McKinney's Cons Laws of NY, Book 62½, UCC 2-202, pp 157-159; *see, FMC Corp. v Seal Tape,* 90 Misc 2d 1043, 1046; *Pennsylvania Gas Co. v Secord Bros.,* 73 Misc 2d 1031, 1039, *affd* 44 AD2d 906).

Finally, although the parol evidence rule does not bar evidence of oral understandings when a party is seeking rescission or reformation of a written agreement based upon fraud or mutual mistake *(see, Brandwein v Provident Mut. Life Ins. Co.,* 3 NY2d 491, 496), there is no occasion to apply that exception here. Plaintiff has not sought rescission or reformation, has not expressly averred operative facts establishing fraud or mistake, and none should be implied from its averments in view of the express provisions of the written agreement inconsistent with either theory. Consequently,

plaintiff's first cause of action should also have been dismissed as precluded by the parol evidence rule.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant's motion with respect to plaintiff's first cause of action; summary judgment granted to defendant dismissing said cause of action; and, as so modified, affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.