**CARMANIA CORP., N.V., Plaintiff,**

**v.**

**HAMBRECHT TERRELL INTERNATIONAL, Hambrecht Terrell, P.C., Architects, Edward Hambrecht, Individually, James Terrell, Individually, Daniel Barteluce, Individually, H.M. Hughes Co., Inc., Custom Art Metals, Inc., Donaldson Acoustics Co., Inc., Hudson-Shatz Painting Co., Inc., Michael S. Collyer Corp., Air Ideal, Inc., Hugh O'Kane Electric Co., Inc., Port Morris Tile & Terrazzo Corp., and Martin J. Loftus Carpets, Inc., Defendants.**

No. 88 Civ. 5507 (RPP).

United States District Court, S.D. New York.

Feb. 2, 1989.

On Motion for Reargument March 11, 1989.

David L. Wong, Wilson, Elser, Moskowitz, Edelman & Dicker; Berman, Paley, Goldstein & Berman, on brief, New York City, for plaintiff Carmania Corp. (Breed, Abbott & Morgan, of counsel).

Michael Byrne, Morris & Duffy, New York City, Faruolo, Caputi, Weintraub & Neary, Huntington, N.Y., on brief, for defendants Hambrecht Terrell Intern. and H.M. Hughes Co.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

In this case, defendant Hambrecht Terrell International (HTI) moves to dismiss counts two and three of plaintiff Carmania Corp.'s complaint, and defendant H.M. Hughes Co. moves to dismiss count five. Hughes has dropped its motion to dismiss count six.

### Facts ·

Plaintiff Carmania Corp. hired defendant Hambrecht Terrell International, an architectural firm, and defendant H.M. Hughes Co., a building contractor, to help renovate a building Carmania owned on New York's West Forty-seventh street. Scheduled for completion in the fall of 1984, the building finally opened three years later. When Carmania stopped making payments, Hughes claimed a mechanic's lien and sued in New York state court to enforce it. Carmania then brought a separate diversity action in this court against Hughes and HTI, among others, demanding a jury trial, and had the New York state suit removed here. The parties have agreed to consolidate the related cases. They also agree that New York law applies.

In the first and fourth counts of its complaint Carmania charges HTI and Hughes, respectively, with breaching their contracts. Carmania's other counts sound in tort. In its second count Carmania charges HTI with professional malpractice; in its third and fifth counts Carmania charges HTI and Hughes respectively with negligent misrepresentation. HTI and Hughes have moved to dismiss the second, third, and fifth counts for failing to state claims upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). For the following reasons, the motions are hereby granted.

### Discussion

Carmania alleges in its complaint that "[t]he errors, omissions and breaches of contract by HTI were negligent and constitute professional malpractice." Complaint ¶ 30. HTI argues that the count for malpractice masks a contract claim with the jargon of tort. Such a ploy is impermissible in New York. *See, e.g., Clark–*

*Fitzpatrick, Inc. v. Long Island R.R.*, 70 N.Y.2d 382, 521 N.Y.S.2d 653, 657, 516 N.E.2d 190, 194 (1987) ("Merely charging a breach of a 'duty of due care,' employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim"). Nonetheless, New York law allows concurrent recovery in tort and contract so long as a defendant violates distinct legal duties: one that arises from the contract at issue, and one that arises independently. As the New York Court of Appeals emphasized in *Clark–Fitzpatrick*, the plaintiff's tort claim must allege a breach of a duty that "spring[s] from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract." *Id.* 521 N.Y.S.2d at 656–57, 516 N.E.2d at 193–94; *see also Albemarle Theatre, Inc. v. Bayberry Realty Corp.*, 27 A.D.2d 172, 277 N.Y.S.2d 505, 508–10 (1st Dep't 1967).[1]

As an architect, HTI must conform to the standard of skill and care that the law demands of professionals who purport to serve the public. Judge Cardozo described that duty's genesis in the leading case of *Glanzer v. Shepard*, 233 N.Y. 236, 239, 135 N.E. 275 (1922): "Growing out of the contract it has nonetheless an origin not exclusively contractual. Given the contract and the relation, the duty is imposed by law." HTI's relationship with Carmania did create a duty independent of the parties' contract. In accusing HTI of violating that duty, Carmania has satisfied *Clark–Fitzpatrick*.[2]

The *Clark–Fitzpatrick* rule, however, is only one of the dikes that New York courts have erected in their inevitable attempt to keep contract law "from drown[ing] in a sea of tort." *East River S.S. Corp. v. Transamerica Delaval Inc.*, 476 U.S. 858, 866, 106 S.Ct. 2295, 2300, 90 L.Ed.2d 865 (1986), *quoted in Key Int'l Mfg., Inc. v. Morse/Diesel, Inc.*, 142 A.D.2d 448, 536 N.Y.S.2d 792 (1988). The law of contracts is meant to facilitate voluntary economic exchange. Plaintiffs who sue successfully for breach of contract are entitled to damages providing them with the benefit of the bargains they and the defendants chose to strike—i.e., to be placed in the positions they would have enjoyed had the parties' expectations panned out. The law of torts, in contrast, has different goals: to deter people from inflicting harm when they behave unreasonably, and to compensate those injured by restoring them to the state they occupied before they suffered harm. New York law preserves these distinctions by restricting plaintiffs who have suffered "economic loss," but not personal or property injury, to an action for the benefits of their bargains. If the damages suffered are of the type remediable in contract, a plaintiff may not recover in tort.[3] *See Key Int'l Mfg., supra; Schiavone Constr. Co. v. Elgood Mayo Corp.*, 81 A.D.2d 221, 227–34, 439 N.Y.S.2d 933 (Silverman, J., dissenting), *rev'd*, 56 N.Y.2d 667, 451 N.Y.S.2d 720, 436 N.E.2d 1322 (1981); *Steckmar Nat'l Realty v. J.I. Case Co.*, 99 Misc.2d 212, 214–15, 415 N.Y.S.2d 946 (1979); *County of Suffolk v. Long Island Light-*

---

**1.** HTI contends that the *Clark–Fitzpatrick* rule focuses on the similarity or dissimilarity of the underlying facts, and that the question of duty is irrelevant. That reading is incorrect. If a defendant owes a plaintiff a legal duty independent of contract, he is liable in tort for breaching that duty no matter how similar the factual allegations underlying the contract claim. *See Clark–Fitzpatrick, supra*, 521 N.Y.S.2d at 656–57, 516 N.E.2d at 193–94.

**2.** Architects who violate their professional duty can be sued by clients in both contract and tort. *See, e.g. Sears, Roebuck & Co. v. Enco Assocs., Inc.*, 43 N.Y.2d 389, 372 N.E.2d 555, 401 N.Y.S.2d 767 (1977).

**3.** Although the economic loss rule was first applied in products liability cases, New York

courts have extended it to suits against suppliers of services, such as architects, engineers, accountants, and attorneys. *See Key Int'l Mfg., supra*, (citing cases); *see also Plancher v. Gladstein*, 533 N.Y.S.2d 730 (App.Div.1988) (designers and installers of furniture). And despite the comment in *Key Int'l Mfg., supra*, that "the rationale for this rule is based upon the perception that to allow tort recovery in the absence of privity for economic losses would virtually negate the law of warranty," the rule's logic applies with equal force to cases in which privity does exist: a contract plaintiff should not be able to evade the UCC's statute of frauds, for example, by appending a tort claim to a contract suit. *See, e.g., Price Bros. Co. v. Olin Constr. Co.*, 528 F.Supp. 716, 721 (W.D.N.Y. 1981) (dismissing negligence claim by plaintiff in privity with defendant).

*ing Co.,* 728 F.2d 52, 62 (2d Cir.1984); *Price Bros. Co. v. Olin Constr. Co.,* 528 F.Supp. 716, 721 (W.D.N.Y.1981). *See generally East River S.S. Corp., supra,* 476 U.S. at 866–76, 106 S.Ct. at 2300.

In count two of its complaint, Carmania alleges that HTI's malpractice caused it to "incur[ ] excess costs and expenses ... in an amount of not less than $8,500,000.00." Complaint ¶ 31. In that count, Carmania seeks compensation for the same $8.5 million in damages it allegedly suffered in count one based on HTI's alleged failure to perform its contractual responsibilities the way Carmania had expected. Those damages, of course, are precisely the "economic losses" that a New York plaintiff may only recover in a contract action. Even though HTI may have breached its extra-contractual duties, Carmania has not alleged injuries cognizable in tort. Its claim for professional malpractice is accordingly dismissed.

■ Carmania's third and fifth counts fail for identical reasons. Carmania argues that the defendants orally misrepresented the extent of their abilities and qualifications to complete the contract, and that the damages it suffered in reliance give it a separate cause of action under *White v. Guarente,* 43 N.Y.2d 356, 362–63, 372 N.E. 2d 315, 401 N.Y.S.2d 474 (1977) ("a negligent statement may be the basis for recovery of damages, where there is carelessness in imparting words upon which others were expected to rely and upon which they did act or failed to act to their damage, but such information is not actionable unless expressed directly, with knowledge or no-tice that it will be acted upon, to one whom the author is bound by some relation of duty, arising out of contract or otherwise, to act with care if he acts at all") (citations omitted). Hughes points out that aside from the contractual relationship pleaded in count one, no "relation of duty" bound it to Carmania. *See White v. Guarente, supra; American Protein Corp. v. AB Volvo,* 844 F.2d 56, 63–64 (2d Cir.1988). HTI contends that a merger clause makes its written agreement with Carmania completely integrated, and that representations not set forth in the contract are not actionable because the parol evidence rule bars Carmania from introducing extrinsic evidence concerning the alleged misrepresentations. *See Mitchill v. Lath,* 247 N.Y. 377, 160 N.E. 646 (1928).[4]

This Court need not decide whether the contractor-client relationship between Carmania and Hughes met the standards of *White v. Guarente;* or whether a suit for the alleged misrepresentations is barred by the rule of *Mitchill v. Lath.*[5] The complaint reflects that Carmania has suffered only economic loss and not injury to person or property. In this action to reclaim the benefits of its bargains, Carmania may not proceed in tort. The defendants' motions are granted, and counts two, three, and five are dismissed.

SO ORDERED.

## ON MOTION FOR REARGUMENT

On February 2, 1989, this Court dismissed three of the five counts brought by plaintiff Carmania Corp., N.V. in its suit against Hambrecht Terrell International

---

**4.** "Under settled New York law, parol evidence ... offered to vary the terms of the parties' contract is only admissible if three conditions are met: (1) that the oral agreement is collateral to the written contract; (2) that it does not contradict express or implied provisions of the written contract; and (3) that the written contract, read in light of the surrounding circumstances, must not appear to indicate that it contained the entire agreement of the parties." *Potsdam Central Schools v. Honeywell, Inc.,* 120 A.D.2d 798, 800, 501 N.Y.S.2d 535, 537 (1986) (citing *Mitchill v. Lath, supra,* 247 N.Y. at 381, 160 N.E. 646).

**5.** Merger clauses reflect an allocation of assumed costs decided on by the negotiating par-ties. These assumed costs depend upon the understanding of the parties that no representations other than those incorporated in the contract will be the subject of future claims. By ensuring that the agreed upon terms be enforced as written, without variation, merger clauses protect settled expectations and thereby reduce the parties' costs of doing business. Here, the merger clause in the contract between Carmania and HTI may well have been specific enough to exclude any evidence of negligent misrepresentation. (The plaintiff has conceded that it is pleading negligent misrepresentation, and not fraud.) *See Danann Realty Corp. v. Harris,* 5 N.Y.2d 317, 157 N.E.2d 597, 184 N.Y.S. 2d 599 (1959).

("HTI"), H.M. Hughes Co., and twelve other defendants. Carmania has now moved for reargument. For the following reasons, the motion is denied.

This Court dismissed Carmania's counts because Carmania sought recovery in tort for damages remediable in contract, a tactic that New York law forbids. In this motion, Carmania argues, on the one hand, that the New York rule only applies in the absence of contractual privity, and on the other hand, that the rule never applies in an action against a supplier of services. Each contention lacks logical support and ignores controlling precedent. In *Price Bros. Co. v. Olin Construction Co.*, 528 F.Supp. 716 (W.D.N.Y.1981), for example, the court applied the economic loss rule to dismiss a tort action against a defendant in privity with a plaintiff. As Judge Elfvin persuasively reasoned, a tort suit is unnecessary when "vendor and purchaser ... have by their contract determined the appropriate apportionment of the risks each should bear." *Id.* at 721; *see also Consolidated Edison Co. v. Westinghouse Elec. Corp.*, 567 F.Supp. 358, 365 (S.D.N.Y.1983) (in products liability cases, "the New York courts, if faced with the question, would hold there is even more reason to bar recovery for economic loss by parties in privity than to bar such recovery in suits by remote purchasers"). In *Key International Manufacturing, Inc. v. Morse/Diesel, Inc.*, 142 A.D.2d 448, 536 N.Y.S.2d 792 (1988), decided two months ago, the Appellate Division of the New York Supreme Court barred a tort action alleging economic loss against an architect and an engineering firm. Justice Bracken noted that the economic loss rule had been born in the context of products liability, but that courts had extended the rule to suits against all types of professionals. This Court agrees that "there is no visible reason for any distinction" between a supplier of goods and a supplier of services. 536 N.Y.S.2d at 794. (quoting W. Prosser, *Torts* § 85, at 517).

In support of its arguments Carmania cites *Consolidated Edison, supra*, cited in *Morse/Diesel, Inc. v. Trinity Industries, Inc.*, 655 F.Supp. 346 (S.D.N.Y.1987). The court in *Consolidated Edison* faced the question of whether a provider of services could be found liable in tort to a plaintiff alleging only economic loss. In answering that it could, the court wrote that a long line of New York cases had permitted such suits. As the decision in *Key International* suggests, however, none of those cases actually held that a plaintiff could maintain suits predicated on both tort and contract theories when the damages alleged were only cognizable in contract. *See, e.g., Sears, Roebuck & Co. v. Enco Assocs., Inc.*, 43 N.Y.2d 389, 401 N.Y.S.2d 767, 372 N.E.2d 555 (1977) (holding only that "claims by owners against architects arising out of the performance or nonperformance of obligations under contracts between them are governed by the ... contract statute of limitations whether verbalized as in tort ... or contract," but not reaching question of whether economic loss may be recovered in tort action); *Matter of Paver & Wildfoerster (Catholic High School Ass'n)*, 38 N.Y.2d 669, 345 N.E.2d 565, 382 N.Y.S.2d 22 (similar). This Court follows the logic and holding of *Key International*. Accordingly, the motion for reargument is denied.

SO ORDERED.