CARMANIA CORP., N.V., Plaintiff,

v.

HAMBRECHT TERRELL INTERNATIONAL, Hambrecht Terrell, P.C., Architects, Edward Hambrecht, Individually, James Terrell, Individually, Daniel Barteluce, Individually, H.M. Hughes Co., Inc., Custom Art Metals, Inc., Donaldson Acoustics Co., Inc., Hudson–Shatz Painting Co., Inc., Michael S. Collyer Corp., Air Ideal, Incorporated, Hugh O'Kane Electric Company, Inc., Port Morris Tile & Terrazzo Corp., Martin J. Loftus Carpets, Inc., Defendants.

The HAMBRECHT TERRELL INTERNATIONAL CORP., and Hambrecht Terrell, P.C., Third–Party Plaintiffs,

v.

SYSKA & HENNESSY, INC., Third–Party Defendant.

H.M. HUGHES CO., INC., Plaintiff,

v.

CARMANIA CORP., N.V., Custom Art Metals, Inc., Donaldson Acoustics Co., Inc., Hudson–Shatz Painting Co., Inc., Michael S. Collyer Corp., Air Ideal, Incorporated, Hugh O'Kane Electric Company, Inc., Port Morris Tile & Terrazzo Corp., Amsterdam–Rotterdam Bank, N.V. and V.N. Shafferman, Defendants.

Nos. 88 Civ. 5507 (RPP), 88 Civ. 5691 (RPP).

United States District Court, S.D. New York.

Feb. 26, 1991.

---

Morris & Duffy, New York City, for defendants and third party plaintiffs HTI, et al.

Thelen, Marrin, Johnson & Bridges, New York City, for plaintiff and defendant Carmania Corp.

Faruolo, Caputi Weintraub & Neary, Huntington, N.Y., for plaintiff and defendant H.M. Hughes Co., Inc.

Shea & Gould, New York City, for third party defendant Syska & Hennessy.

Altieri, Kushner, Miuccio & Frind, P.C., New York City, for defendant Port Morris Tile & Terrazzo Corp.

Steven H. Penn & Associates, New York City, for defendant Martin J. Loftus Carpets, Inc.

Sullivan & Cromwell, Richard Milin, New York City, for Amsterdam–Rotterdam Bank, N.V.

Mark A. Berenato, Springfield, Pa., for Custom Art Metals, Inc.

S. Mac Gutman, P.C., Forest Hills, N.Y., for defendant Custom Art Metals, Inc.

Cheriff & Warner, New York City, for defendant Donaldson Acoustics Co., Inc.

Ross, Suchof, Taroff, Egert & Hankin, P.C., New York City, for defendant Air Ideal, Inc.

Dresner & Henle, New York City, for defendant Hugh O'Kane Elec. Co., Inc.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendants Hambrecht Terrell International Corp., Hambrecht Terrell, P.C., Edward Hambrecht, James Terrell and Daniel Barteluce (collectively "HTI") and H.M. Hughes Co., Inc. ("Hughes") move pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss 88 Civ. 5507 for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1447 to remand 88 Civ. 5691, on the ground that plaintiff Carmania Corp., N.V. ("Carmania") is a citizen of New York and therefore diversity of citizenship is lacking.

For the reasons stated below, the motions to dismiss 88 Civ. 5507 and to remand 88 Civ. 5691 are granted. The third-party complaint in 88 Civ. 5507 is also dismissed because the Court does not have jurisdiction over the main action.

## DISCUSSION

█  The facts of this case have been set forth more fully in a prior opinion of this Court. *Carmania Corp., N.V. v. Hambrecht Terrell International, et al.,* 705 F.Supp. 936 (S.D.N.Y.1989),[1] *reargument denied,* 705 F.Supp. 936 (S.D.N.Y.1989). The facts relevant to these motions follow. Plaintiff Carmania Corp., N.V. ("Carmania") is incorporated in the Netherlands Antilles. Carmania brought suit in federal court and removed the related state action

---

1. The opinion and order were incorrectly dated as having been issued on January 27, 1988. The correct date is January 27, 1989. The opinion is reported in the Federal Supplement at 705 F.Supp. 936 (S.D.N.Y.1989).

898

to federal court, claiming that because it is a foreign corporation and its principal place of business was allegedly in the Netherland Antilles, diversity jurisdiction existed. As a result of recent discovery efforts by defendants, the parties have stipulated, for purposes of this action, that Carmania's principal place of business is in the City and State of New York and that the pending motions by plaintiff for a protective order and by HTI to compel disclosure and for a stay should be deemed a motion to dismiss 88 Civ. 5507 and to remand 88 Civ. 5691.[2] The HTI defendants are citizens of the state of New York for purposes of diversity jurisdiction. At issue is whether under 28 U.S.C. § 1332(c), Carmania is deemed to be a citizen of the state of New York, thereby defeating diversity jurisdiction. 28 U.S.C. § 1332(c) provides:

(c) For the purposes of this section and section 1441 of this title—

(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ...

Carmania argues that § 1332(c) does not apply to foreign corporations but only to domestic corporations, relying on *Clarkson Co., Ltd. v. Shaheen*, 544 F.2d 624 (2nd Cir.1976), and *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786 (2nd Cir.1980), *cert. denied*, 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981). HTI points to recent District Court decisions in this circuit and two Court of Appeals decisions in other circuits to support its contention that § 1332(c) does apply to foreign corporations. *See, e.g., Vareka Investments, N.V. v. American Investment Properties, Inc.*, 724 F.2d 907 (11th Cir. 1984), *cert. denied*, 469 U.S. 826, 105 S.Ct. 107, 83 L.Ed.2d 51 (1984); *Jerguson v. Blue Dot Investment, Inc.*, 659 F.2d 31 (5th Cir.1981), *cert. denied*, 456 U.S. 946, 102 S.Ct. 2013, 72 L.Ed.2d 469 (1982).

■ Carmania admits that the statements on which it relies in *Clarkson* and

*Corporacion Venezolana, supra*, are dicta. It contends, however, that in construction of a statute, such dicta are issued to guide the conduct of inferior courts and must be given considerable weight. While such dicta may be entitled to weight, they are not binding on the Court. Furthermore, in *Corporacion Venezolana*, the Court of Appeals expressly did not rule on whether § 1332(c) applies to foreign corporations. The careful analysis of the legislative history of § 1332(c) in *Jerguson, supra*, 659 F.2d at 33–35, and the evident trend among the district courts of this circuit, weigh in favor of applying § 1332(c) to foreign corporations. *See Petroleum & Energy Intelligence Weekly, Inc. v. Liscom*, 88 Civ. 3840 (JMW), 1989 U.S.Dist. LEXIS 11402 (S.D.N.Y.1989), and cases cited therein. Plaintiff also relies on *Eisenberg v. Commercial Union Assurance Co.*, 189 F.Supp. 500 (S.D.N.Y.1960), but in that case, the foreign corporation had a worldwide principal place of business in London and also a principal United States place of business which was located in New York. Here, the record shows only a single principal place of business, which is in New York City, and the stipulation entered into by the parties does not qualify that description in any way. The facts of this case indicate that to apply § 1332(c) to Carmania would serve Congress' purpose in enacting the statute. *See Jerguson, supra*. Accordingly, the Court considers Carmania a citizen of New York and finds no diversity of citizenship. *Carmania Corp. v. Hambrecht Terrell International, et al.*, 88 Civ. 5507 (RPP), is dismissed, as is the third-party complaint in that action, and *H.M. Hughes Co. Inc. v. Carmania Corp., et al.*, 88 Civ. 5691 (RPP), is remanded to the Supreme Court of the State of New York pursuant to 28 U.S.C. § 1447.

IT IS SO ORDERED.

**2.** Carmania shares a New York address with V.N. Shafferman, formerly a defendant in 88 Civ. 5691. For instance, Carmania's local address was registered with the State of New York as c/o Law Offices, V.N. Shafferman, 715 Park Avenue, New York, New York 10021. Shafferman is "attorney-in fact" for Carmania. Affidavit of Francis Mann, November 14, 1990, Exhibits A and B.