**NIGHT HAWK LIMITED and D.M. Thomas, Plaintiffs,**

**v.**

**BRIARPATCH LIMITED, L.P. and Gerard F. Rubin, Defendants.**

**No. 03 Civ. 1382(RWS).**

United States District Court, S.D. New York.

May 20, 2003.

See also 194 F.Supp.2d 246.

Verner Simon P.C., New York, NY (Paul W. Verner, of counsel), for Plaintiffs.

Deyan R. Brashich, New York, NY, Barry L. Goldin, Allentown, PA, for Defendants.

## OPINION

SWEET, District Judge.

The plaintiffs Night Hawk Limited ("Night Hawk") and D.M. Thomas ("Thomas") (collectively, the "Plaintiffs") have moved for a preliminary injunction under Rule 56, Fed.R.Civ.P., to bar the defendants Briarpatch Limited L.P. ("Briarpatch") and Gerard F. Rubin ("Rubin") (collectively, the "Defendants") and various Jane and John Does from asserting any claims with respect to the possession of any rights to *The White Hotel* and *J.M. Barrie & The Lost Boys* (the "Properties"). The Defendants have moved for summary and declaratory judgment under Rule 56, Fed.R.Civ.P. with respect to the Properties, and to dismiss, consolidate, remand or abstain from this action under Rules 8, 12, 13, 42, and 56 of Fed.R.Civ.P. and 28 U.S.C. § 1746.

For the reasons set forth below, the action will be stayed pending discovery and resolution of the jurisdictional issues presented.

### Prior Proceedings

This action was commenced on February 28, 2003, alleging diversity and federal question jurisdiction. It is the mirror image of *Briarpatch Ltd. v. D.M. Thomas, et al,* 02 Civ. 10097, remanded this date to the Supreme Court of the State of New York, County of New York (the "State Court").

The complaint and the motions involve the ownership of the underlying copyrights to *The White Hotel* by D.M. Thomas and *J.M. Barrie and the Lost Boys* by Andrew Birkin (the "Properties"). The Plaintiffs seek a declaration that the only owner of the copyright to *The White Hotel* is Thom-

as and his current licensee, Night Hawk, and that the only owner of the copyright to *J.M. Barrie and the Lost Boys* is The Great Ormond Street Hospital for Sick Children and its licensee, Andrew Birkin, the biography's author, and that the rights previously granted by Thomas to *The White Hotel* in 1986 to Geisler/Roberdeau were assigned to Monty Montgomery, from him for valid consideration in 1994 by Samuel Myers' group, and were now owned by Geisler/Roberdeau or any affiliate in October 1999 when the State Court judgment against Geisler/Roberdeau was entered.

The Plaintiffs seek also to prohibit Defendants from interfering with production and screenwriting contracts.

All the motions were garnered, heard on the papers, and marked fully submitted on April 2, 2003.

### The Controversy

This action is the latest of at least eleven (and possibly more) actions or proceedings which evolve from an investment made by Rubin in Briarpatch, an entity created by Robert Geisler ("Geisler") and John Roberdeau ("Roberdeau") who, according to Rubin, swindled him, Briarpatch, and its affiliated enterprises. The instant litigation against Geisler and Roberdeau in the State Court was resolved by a judgment in Rubin's favor, and the remainder of the litigation is the effluvia of that judgment, exacerbated by the ill will of the parties and excessive and occasionally misguided zeal of their lawyers.

Fortunately for the purposes of the disposition of the pending motions it is not necessary to descend into the briarpatch of the parties' underlying contentions and to parse the rights of what could be valuable properties if the litigation could ever be finally resolved.

### The Jurisdictional Issue

■ The Defendants have submitted affidavits alleging that Night Hawk is the alter ego of Geisler and has its principal place of business in New York, thereby destroying diversity jurisdiction and that there is no federal question jurisdiction based upon copyright. The second contention has been resolved in related litigation and the status of Night Hawk is a contested factual issue which will require limited discovery and a further factual hearing.

### The Status of Night Hawk

According to the Defendants, Night Hawk is the alter ego of Geisler, a "straw," and without a corporate entity. It is alleged to be the vehicle by which Geisler seeks to deprive the Defendants of their rights in the Properties, and certain offering documents have been submitted referring to the role of Night Hawk. It is not disputed that Geisler is a New York resident.

According to the Defendants, although Night Hawk was incorporated abroad, it is a creature of Geisler and is without staff of its own or independent officers or directors and has no offices other than with Geisler in New York and, as a consequence, is an alter ego of Geisler. Jose Antonio Suarez Lozano ("Lozano") and Paul Verner ("Verner") have been Geisler's attorneys.

According to the Defendants, Geisler owns, operates, has funded and is its sole producer for the Projects, (Defs.' Mem. to Dismiss at 9–10), and has negotiated and arranged the various purported agreements between Night Hawk and other persons.

It is also contended by the Defendants that the principal place of business of Night Hawk is New York, in particular at Geisler's residence.

■ Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business." Although there has not been a decisive ruling by the Supreme Court or Second Circuit on how 28 U.S.C. § 1332(c) applies to alien corporations, "those Circuits that have reached the issue are in agreement that § 1332(c) extends to alien corporations." *JPMorgan Chase Bank v. Traffic Stream Infrastructure Ltd.*, 536 U.S. 88, 122 S.Ct. 2054, 2060 n. 3, 153 L.Ed.2d 95 (2002) (*citing Danjaq, S.A. v. Pathe Communications Corp.*, 979 F.2d 772, 773–74 (9th Cir.1992); *Vareka Inv., N.V. v. American Inv. Props., Inc.*, 724 F.2d 907, 909 (11th Cir.1984); *Jerguson v. Blue Dot Inv., Inc.*, 659 F.2d 31 (5th Cir. 1981)). In New York, southern district court cases have further adopted this view that a foreign corporation is a citizen of both its place or incorporation and principal place of business for diversity purposes. *E.g., Carmania Corp. v. Hambrecht Terrell Int'l*, 758 F.Supp. 896, 898 (S.D.N.Y.1991) ("The careful analysis of the legislative history of § 1332(c) in *Jerguson* ..., and the evident trend among the district courts of this circuit, weigh in favor of applying § 1332(c) to foreign corporations."); *The Jordan (Berm.) Inv. Co., Ltd. v. Hunter Green Invs. Ltd.*, No. 00 Civ. 9214, 2003 WL 1751780, *1, 2003 U.S. Dist. LEXIS 5182, at *3 (S.D.N.Y. Mar. 31, 2003) (holding that an overseas trust with its principal place of business in Illinois is an Illinois citizen for diversity purposes).

Lozano has submitted an affidavit, which the Defendants move to strike on grounds of timeliness, in which he avers that Geisler does not own any equity in Night Hawk, that he (Lozano) is an entertainment lawyer in Madrid, that Night Hawk "is closely related to another company which is in the business of film and television entertainment production" and that he

is responsible for the management of Night Hawk. At the same time, "it is admitted that Geisler conducts day to day business on Night Hawk's portfolio of film rights where Geisler has been engaged as the work-for-hire producer." (Lozano Aff., ¶ 15, 16, 19) (Mar. 20, 2003).

On the subject of the principal place of business of Night Hawk, the Lozano affidavit raises more questions than answers. There is no quantitative description of the business of Night Hawk, other properties of the company, the existence of bank accounts, officers or directors. Given the Geisler history as established in the State Court and the proceedings, removals, and bankruptcies, a sufficient challenge has been raised to permit discovery on jurisdictional facts and depending on such discovery, a further hearing.

Night Hawk has also urged federal question jurisdiction arising out of the challenged ownership of the copyrights. That issue has been resolved by this Court in the related litigation. *Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.,* 194 F.Supp.2d 246, 254–56 (S.D.N.Y.2002).

Because there is a factual issue with respect to diversity jurisdiction and the principal place of business of Night Hawk, and in the absence of federal question jurisdiction, all motions will be denied with leave to renew on the papers submitted pending resolution of the jurisdictional issue.

The parties are granted expedited discovery with respect to the jurisdictional issues which will be completed within a month. A hearing, if it is required, will be held on June 17, 2003 at 9:30 or at such other time as the Court and the parties may determine.

It is so ordered.