(February 26, 1987)

■ J.I. HASS CO., INC., Respondent, v FRANK A. KRISTAL ASSOCIATES, INC., Appellant and Third Party-Plaintiff, et al., Third-Party Defendant.—Order of the Supreme Court, New York County (Bruce McM. Wright, J.), entered February 7, 1986, which denied defendant Frank A. Kristal Associates' motion to dismiss the within action pursuant to CPLR 3211, as barred by the Statute of Limitations, unanimously reversed, on the law, the motion is granted and the action is dismissed, with costs.

Pursuant to a contract entered into in March 1978, defendant Frank A. Kristal Associates, Inc. agreed to sell plaintiff J.I. Hass Co., Inc. sewage pump control equipment. In the within action commenced by service of a summons and complaint on January 25, 1983, plaintiff seeks to recover damages sustained as a result of defendant's alleged breach of the aforementioned agreement in November 1978. Defendant has

moved to dismiss the action on the ground that it was not commenced within the applicable statutory period. Uniform Commercial Code § 2-725 stipulates that actions upon contracts for the sale of goods must be brought within four years of the date upon which the cause of action arose. Plaintiff, in opposing defendant's motion to dismiss, maintained that it contracted not only for goods, but for services, and that the service element of the contract is sufficiently significant to render the statutory period set forth in the UCC inapplicable. Plaintiff urges that its action has been timely commenced within the six-year limitations period prescribed in CPLR 213 for contract actions not governed by the Uniform Commercial Code.

As is clear from both the contract itself, which we note was drawn by plaintiff, and the complaint, the subject agreement was one predominantly for the sale and delivery of goods. While the lump-sum contract price does cover defendant's installation, supervision and testing of the pump control equipment, these services are specifically referred to in the contract as "incidentals". They are, of course, incidental to the sale of the equipment which was obviously the prime object of the contract. Indeed, the complaint consistently describes the contract as one for the sale of equipment. Nowhere in the complaint is there any allegation that defendant was obliged to perform services, nor is there any claim for services defendant failed to provide. Under these circumstances, there can be no question that the contract is in fact one for the sale of goods and, as such, may not be enforced by means of a lawsuit after the running of the four-year statutory period imposed by section 2-725 of the Uniform Commercial Code.

It may be observed that contracts for the sale of sophisticated equipment frequently provide for some initial supervision, testing and instruction by the manufacturer. Where, as here, these services as described in the contract amount to no more than short-lived incidents of the sale, they do not transform the contract into one for the provision of services and thereby avail the contracting parties of two additional years in which to assert their claims. (See, Triangle Underwriters v Honeywell, Inc., 604 F2d 737 [2d Cir 1979].) Concur—Murphy, P. J., Kupferman, Sullivan, Asch and Ellerin, JJ.