WORD MANAGEMENT CORPORATION, Respondent, v AT&T IN-
FORMATION SYSTEMS, INC., Appellant.

Third Department, March 3, 1988

## APPEARANCES OF COUNSEL

*McNamee, Lochner, Titus & Williams (David J. Wukitsch* of counsel), for appellant.

*Steiner & Steiner (Gail D. Resnikoff* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

Plaintiff is a corporation engaged in the business of computer typesetting. Defendant is a corporation which sells and services communications equipment. On November 1, 1984, after six months of negotiations, the parties entered into a written contract for the sale of voice and data communications equipment known as "System 75". Plaintiff purchased System 75 to provide it with telephone communications and information transfers between computers. Soon after System 75 was

installed, plaintiff realized that it could not transmit data as quickly or as accurately as plaintiff required. Plaintiff took the position that defendant was aware of plaintiff's needs and had led it to believe that System 75 was adequate for plaintiff's purposes. Defendant contends that System 75 operates properly, but cannot transmit data as quickly or as accurately as plaintiff desires without the purchase of considerably more computer software. The written contract of sale does not specifically describe System 75 or its capabilities.

In August 1986, defendant demanded payment of the $51,975.68 purchase price. Plaintiff did not pay and, in October 1986, commenced this action alleging, *inter alia,* breach of contract, breach of express warranties, breach of implied warranties and negligence. The action also sought to invalidate certain disclaimers and limitations of liability in the contract as unconscionable. The complaint sought $1 million in damages. Defendant answered and counterclaimed seeking damages and return of System 75. Supreme Court granted defendant an order of replevin requiring plaintiff to return System 75 to defendant, which has since occurred. Defendant then moved for summary judgment dismissing the amended complaint and granting its counterclaim for damages. Plaintiff cross-moved to reamend its complaint. Supreme Court denied defendant's motion in its entirety and granted plaintiff's cross motion. Defendant appeals, contending that each of the causes of action should have been summarily dismissed.

The first cause of action alleges common-law breach of contract. Though the contract at issue dealt with a complex piece of equipment, it is a simple sales contract. Significantly, the contract contains no description or specifications regarding System 75, but does state that defendant "warrants that the products will be in good working order in accordance with [defendant's] standard specifications". Plaintiff's breach of contract claim is that the equipment did not operate properly. In fact, the complaint alleges that it "does not transmit data at all". It cannot be determined from the contract alone what the equipment could do or what the parties contemplated it could do. Thus, triable questions of fact remain. We note in this regard that neither the contract's merger clause nor the parol evidence rule would prohibit collateral evidence on this point since such evidence would not modify or contradict the terms of the contract, but would explain ambiguities in the contract. Further, inasmuch as the contract refers to defendant's "standard specifications", it clearly indicates that it is

not the entire agreement of the parties *(see, Potsdam Cent. Schools v Honeywell, Inc.,* 120 AD2d 798, 800). Thus, the breach of contract cause of action survives summary judgment.

■ The second cause of action alleges that defendant breached express warranties, specifically, that defendant's representatives promised that System 75 could successfully pass data between plaintiff's computers. Defendant points out that the contract states that it made "no warranties, express or implied". However, as noted above, the contract refers to the equipment's specifications and that it is warranted to be in good working order without in any way describing the equipment, thus inviting the inference that the contract is not the entire agreement of the parties *(see, Potsdam Cent. Schools v Honeywell, Inc., supra,* at 800). Therefore, neither the merger clause nor the disclaimer previously quoted mandates summary dismissal of the second cause of action.

■ The third cause of action should have been dismissed on procedural grounds. It seeks to invalidate certain disclaimers and a liquidated damages clause. This is not a cause of action, but is simply an anticipation of certain affirmative defenses to be raised by defendant. Plaintiff may move to strike the affirmative defenses, but it should not include an attack on them as a cause of action.

■ The fourth and fifth causes of action allege breaches of two implied warranties, namely, the warranty of fitness for a particular purpose (UCC 2-315) and the warranty of merchantability (UCC 2-314). However, pursuant to UCC 2-316, a contract may exclude the warranty of merchantability if the exclusion mentions merchantability and is conspicuous, and may exclude the warranty of fitness for a particular purpose if the exclusion is in writing and is conspicuous. Since the written contract in this case clearly and conspicuously disclaims both implied warranties, such disclaimer should be given effect. Thus, the fourth and fifth causes of action should be dismissed summarily.

■ Plaintiff does not label the sixth cause of action, but it alleges that defendant's representatives made statements about the capacity of System 75 which were false and were either known to be false or made carelessly without regard to whether they were false. It also alleges that plaintiff was induced to rely on these statements. From these allegations, it

would appear that plaintiff is stating a cause of action for fraud. To constitute fraud, "[t]here must be a representation of fact, which is either untrue and known to be untrue or recklessly made, and which is offered to deceive the other party and to induce them to act upon it, causing injury" *(Jo Ann Homes v Dworetz,* 25 NY2d 112, 119; *see, Chopp v Welbourne & Purdy Agency,* 135 AD2d 958). Here, the allegations sufficiently state a cause of action for fraud, and it cannot be said that triable questions of fact have not been raised. Thus, this cause of action survives summary dismissal.

■ Finally, the seventh cause of action alleges negligence on the part of defendant in failing to make System 75 operational. Initially, we note that there is no allegation that System 75 was a defective product. Rather, the allegation is that it did not perform as promised. Further, this action seeks to recover for economic loss, not for personal injury or property damage. That being the case, if the transaction is deemed to be a sale of goods, and thus falls within UCC article 2, plaintiff is limited to its contractual remedies and may not maintain the traditional tort causes of action of negligence or strict products liability *(see, Schiavone Constr. Co. v Mayo Corp.,* 56 NY2d 667, *revg* 81 AD2d 221; *Hole v General Motors Corp.,* 83 AD2d 715, 717). However, if the transaction is deemed to be predominantly service oriented, the case falls outside UCC article 2 and plaintiff would have no cause of action for breach of implied or express warranties but would have a cause of action for negligence *(see, Milau Assocs. v North Ave. Dev. Corp.,* 42 NY2d 482, 486; *County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.,* 114 AD2d 728, 729, *appeal dismissed* 67 NY2d 757). Here, it is clear that the contract was for a sale of goods, not services. The written contract and the other evidence in the record indicate that System 75 was a product which was sold to plaintiff to perform data transmitting functions. There is nothing to indicate that defendant was to perform any services other than installing System 75 and making it operational. While it is obvious that some service was involved, this was a sale of goods, not a service-oriented transaction. Thus, the negligence cause of action should have been dismissed.

WEISS, HARVEY and MERCURE, JJ., concur; LEVINE, J., taking no part.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant's motion regarding the third, fourth, fifth and seventh causes of action; motion granted to that extent and said causes of action dismissed; and, as so modified, affirmed.