■ Ritta Personnel, Inc., Respondent, v Andrew F. Capoccia, P. C., et al., Appellants.—Mahoney, P. J. Appeal from an order of the Supreme Court (Doran, J.), entered August 17, 1987 in Albany County, which, *inter alia,* granted plaintiff's motion for summary judgment.

Plaintiff is a domestic corporation which provides personnel recruitment and placement services on an "employer paid fee" basis. Defendant Andrew F. Capoccia (hereinafter defendant) is an attorney and is the sole stockholder of defendant Andrew F. Capoccia, P. C. Plaintiff commenced this action against defendants seeking damages in the amount of $2,100 for personnel placement services allegedly rendered by plaintiff.

In support of its motion for summary judgment, plaintiff submitted an affidavit of its president, Nancy G. King, a statement of defendant's account with plaintiff and a copy of plaintiff's fee schedule. King's affidavit stated that during a telephone conversation between King and defendant on July 25, 1986, defendant requested plaintiff's services in locating a law clerk. King advised defendant that plaintiff had an applicant for the law clerk position named Betty Graham, who defendant interviewed and hired the next day, July 26, 1986.

Defendants cross-moved for an order dismissing the com-

plaint. They submitted an affidavit in support of the cross motion and in opposition to plaintiff's motion for summary judgment which stated that plaintiff voluntarily sent defendants information concerning plaintiff's services, but that defendants did not request or utilize plaintiff's services. Defendant further stated that they independently hired a law clerk who coincidentally was under contract as an applicant with plaintiff. Supreme Court denied defendants' cross motion and granted plaintiff's motion for summary judgment. This appeal by defendants ensued.*

In determining whether to grant summary judgment, the Court of Appeals recently instructed, "The proponent * * * must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" *(Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853 [citations omitted]). Here, defendants' demand for a bill of particulars requested "[t]he terms and conditions of the agreement between plaintiff and defendant entered into for the provision of personnel placement". Plaintiff's response referred to exhibit B. This appears to be a general description of plaintiff's services and statement of its fee schedule, dated November 1, 1982, which could be sent to any prospective customer. Neither the fee nor the statement of account prepared by plaintiff is signed by defendants. Thus, no valid written contract based solely on these documents existed between the parties *(see, Dickson v Mitchell,* 87 AD2d 697, 698).

Indeed, the affidavit sworn to by defendant in opposition to plaintiff's motion for summary judgment sharply contradicts the facts as presented by plaintiff. While defendants concede that plaintiff had under contract a lawyer named Graham whom it was trying to place with a lawyer or law firm, defendants deny that there was any agreement or request for plaintiff's services either in writing or orally that resulted in Graham being hired by defendants. Thus, defendants do not merely contest the amount of money owed, they deny the existence of any contract between the parties.

The only undisputed fact appears to be that Graham, an applicant under contract with plaintiff, was hired by defendants. Thus, Supreme Court improperly engaged in weighing the credibility of the parties in its determination of the

* On this appeal, defendants have not addressed Supreme Court's denial of their cross motion to dismiss the complaint and, thus, we deem this issue abandoned.

summary judgment motion, which can only be properly granted when judgment can be directed as a matter of law (see, CPLR 3212 [b]; *Winegrad v New York Univ. Med. Center, supra,* at 853). The facts and circumstances in the case at bar are uncertain, disputed and raise a question of fact as to whether a contract existed. That issue must be resolved at trial before any breach can be found (see, 21 NY Jur 2d, Contracts, § 9, at 420).

Order modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment; motion denied; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.