◼ TESSIE COLEMAN, Respondent, v HERMAN SMITH et al., Appellants.—Mahoney, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Bergerman, J.), entered February 21, 1990 in Rockland County, which granted plaintiff's motion for, *inter alia,* partial summary judgment on the issue of liability.

On January 15, 1986 plaintiff's home, located in the Village of Nyack, Rockland County, was extensively damaged by fire. The Village Building Inspector deemed the damage "structural in nature" requiring a building permit for reconstruction and a certificate of occupancy before it could be returned to normal use. Seeking to satisfy these requirements, plaintiff utilized the services of defendant Herman Smith Adjusters, Ltd. (hereinafter Adjusters) to adjust the loss resulting from the fire and contracted with defendant Acon Restoration Company, Inc. (hereinafter Acon) to provide the materials and perform the labor to accomplish these goals. Defendant Herman Smith is the president, sole director and officer of Adjusters and Acon. Thereafter, on March 19, 1987 the Village Building Inspector reviewed the repairs performed by Acon and concluded that the residence was not "ready for a final" certificate of occupancy. Plaintiff's homeowner's insurance had also been canceled due to the unsafe conditions of the home.

Based on the findings of the Building Inspector, plaintiff commenced this action against Smith, Adjusters and Acon alleging breach of contract, fraud and negligence. After issue was joined plaintiff moved for partial summary judgment on the issue of liability, an order directing an immediate inquest as to damages and an accounting by defendants for all insurance proceeds already obtained (allegedly $80,000). Plaintiff also sought an accounting from Acon for a mechanic's lien she satisfied due to Acon's failure to perform its contractual obligation. Supreme Court, after concluding, *inter alia,* that Acon failed to comply with Rockland County licensing requirements, granted plaintiff's motion for partial summary judgment as to liability, issued an order directing an inquest as to damages and an accounting as to all insurance proceeds. This appeal by defendants ensued.

Initially, we conclude that Supreme Court properly granted

summary judgment on the issue of liability against Acon. Pursuant to its agreement with plaintiff, Acon agreed to not only furnish all requisite materials to repair plaintiff's home, but also, guaranteed that said "repairs will remove all violations of applicable laws, ordinances and regulations caused by said fire". Acon knew or should have known that the applicable law of Rockland County provided that only a licensed contractor could repair the damages to plaintiff's home in a manner that would permit it to be reoccupied. Acon was unlicensed both when it contracted to make the repairs and when they were completed *(see, Piersa, Inc. v Rosenthal,* 72 AD2d 593; *cf., Charlebois v Weller Assocs.,* 72 NY2d 587). Accordingly, we are constrained to hold that plaintiff established as a matter of law that she was entitled to summary relief in "the absence of any material issues of fact" raised by Acon *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324).

Next, in light of Adjusters' representations to plaintiff regarding the repairs, coupled with its name appearing as payee of the insurance proceeds, we hold that Supreme Court properly granted summary judgment against Adjusters. As to Smith, although plaintiff's proof lacks sufficient evidence of a contractual relationship with Smith to entitle plaintiff to summary judgment on her breach of contract cause of action *(see, Ritta Personnel v Andrew F. Capoccia, P. C.,* 144 AD2d 196, 197-198), we find that the misrepresentations Smith made to plaintiff as an agent of Adjusters *(see, Laska v Harris,* 215 NY 554, 556-557; 3 NY Jur 2d, Agency, § 289, at 110-111), as well as Smith's name appearing on the insurance proceeds, entitled plaintiff to summary judgment on her fraud cause of action against Smith.

Lastly, because Smith's counterclaim for malicious prosecution is premature *(see, Laval Realty v Shell Realty Co.,* 151 AD2d 321, 322), it was properly dismissed by Supreme Court notwithstanding that plaintiff failed to request such relief in her motion for summary judgment *(see,* CPLR 3212 [b]; *County of Broome v Aetna Cas. & Sur. Co.,* 146 AD2d 337, 340, n 2, *lv denied* 74 NY2d 614).

Casey, Weiss, Levine and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.