■ PERSONNEL CAREER SERVICES, INC., Appellant, v CLOUGH, HARBOUR & ASSOCIATES, Respondent. [608 NYS2d 368] —Yesawich Jr., J. Appeal from an order of the County Court of Albany County (Breslin, J.), entered May 10, 1993, which affirmed a judgment of the City Court of the City of Albany dismissing the complaint.

Plaintiff, an employment agency, having referred to defendant a job candidate, Gary Robinson, who was ultimately hired, brought this action to recover a $12,000 fee it claims was agreed upon by the parties. Both parties moved for summary judgment. City Court granted defendant's motion and dismissed the complaint in its entirety because (1) plaintiff was unable to substantiate its claim that the parties had entered into a contract, and (2) inasmuch as plaintiff had already accepted a fee from Robinson's previous employer for outplacement services, and Robinson's referral to defendant was apparently made as part of those services, plaintiff was prohibited from recovering a second fee from defendant. Plaintiff thereafter appealed to County Court, which affirmed the decision on essentially similar grounds. This appeal followed.

Before an employment agency may recover a referral fee, it must demonstrate, at the very least, that the employer from

whom it seeks the fee agreed to pay it *(see, Ritta Personnel v Andrew F. Capoccia, P. C.,* 144 AD2d 196, 197). Defendant maintains that it never agreed to compensate plaintiff for the referral at issue and has submitted sworn affidavits to that effect. Specifically, defendant's director of human resources avers that he did not request any referrals from plaintiff, and that although defendant had, in the past, invited plaintiff to refer candidates who satisfied the requirements for specific positions listed in defendant's monthly bulletin, for which it had agreed to pay a fee upon hiring, no such bulletins had been sent to plaintiff for at least three months prior to the Robinson referral. The director also attests that Robinson did not meet the qualifications for any position listed in the last bulletin sent, nor was he hired to fill any position therein.

Plaintiff's submissions do not refute these facts; they merely establish that defendant hired Robinson, and that when plaintiff thereafter notified defendant of the fee it was seeking for the referral, defendant did not immediately repudiate plaintiff's request for payment. Although acceptance of an offered benefit may constitute acceptance of the terms on which it is offered *(see, Costello Assocs. v Standard Metals Corp.,* 99 AD2d 227, 231), conspicuously absent from plaintiff's proof is any showing that defendant was made aware, prior to hiring Robinson, that a fee would be expected should it decide to retain him *(compare, supra).* As already noted, plaintiff does not controvert defendant's assertion that the referral was not made in response to any request made by defendant. Rather, it appears from both parties' submissions that plaintiff sent Robinson's resume as part of the outplacement service it was providing him, for which, parenthetically, it agreed that no fee would be charged to prospective employers.

In short, plaintiff has failed to put forth any evidence tending to show that defendant requested the referral, agreed to pay a fee therefor or accepted the referral with knowledge that a fee would be expected. No agreement having been demonstrated, the complaint was properly dismissed *(see, Provost v St. Francis Commandery Hall Assn.,* 118 AD2d 922, 923).

Mikoll, J. P., White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.