■ CLEARWATER EXCAVATING CORPORATION, Respondent, v JZG RESOURCES, INC., Appellant. [624 NYS2d 69] —Mercure, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Charde, Jr., J.H.O.), entered April 30, 1993 in Putnam County, upon a decision of the court in favor of plaintiff.

Defendant engaged plaintiff to perform excavating services in connection with defendant's development of a residential subdivision in Putnam County. Among the items of work to be performed by plaintiff were the installation of footing drains, curtain drains, septic systems and foundations, backfilling and the furnishing of crushed stone, pipe, fittings and gravel. Plaintiff worked on the property from March 14, 1988 to April 8, 1988 and rendered a total bill of $72,459.65, computed on a time and materials basis. Defendant paid $19,000 but refused to pay the $53,459.65 balance, prompting plaintiff to file a mechanic's lien and to bring this action to enforce it. Following a nonjury trial, Supreme Court determined that plaintiff was entitled to the entire balance of its charges and that defendant had not established its counterclaims for damages allegedly resulting from plaintiff's incompetent, negligent and incomplete work. Defendant appeals from the judgment entered thereon.

Based on the sharply conflicting evidence adduced at trial, and recognizing that Supreme Court had the advantage of observing the witnesses firsthand and was in a better position to assess the evidence and weigh credibility, we conclude that its extensive and detailed findings were supported by the record and should not be disturbed (see, Newland v State of New York, 205 AD2d 1015; Montgomery v State of New York, 206 AD2d 737). We accordingly affirm. In our view, Supreme Court did not err in crediting the testimony of plaintiff's principal, Gilbert Shott, on the basis that it was more credible than that of defendant's president, Jerome Ginsburg (see,

*Newland v State of New York, supra).* Further, the evidence supported Supreme Court's findings that substantial problems on the work site, which defendant attributes to plaintiff's performance, existed prior to plaintiff's appearance on the job. For instance, the evidence supported plaintiff's position that the local Board of Health's disapproval of the septic systems on lots 29 and 30 (due to inadequate percolation) was the result of excessive compaction of the original soil and was not caused by the fill plaintiff brought in. In addition, the evidence established that other items of work which defendant claims were negligently performed were actually executed in accordance with the express instructions of defendant's job superintendent. Defendant's remaining contentions have been considered and found to lack merit.

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.