■ ROBERT B. McDOWELL, Doing Business as COLUMBIA DISTRIBUTORS, Respondent, v ATCO RUBBER PRODUCTS, INC., Appellant, et al., Defendant. [634 NYS2d 554] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Connor, J.), entered August 16, 1994 in Columbia County, upon a decision of the court in favor of plaintiff.

In November 1993, plaintiff placed an order with Metalflex Corporation for the latter to produce a quantity of stainless steel ducts for plaintiff to resell to his customers. Plaintiff operates a company that sells fireplace materials and intended to sell the ducts to customers as liners in chimneys. Apparently, plaintiff was considering the purchase of the machine which processed the ducts if he was satisfied with the result. Before the order was filled, a portion of Metalflex's business was acquired by defendant Atco Rubber Products, Inc. It was Atco that ultimately produced the ducts. The stainless steel used to produce the ducts was supplied to Atco by plaintiff. In January 1984, plaintiff picked up the completed ducts and shortly thereafter sent them to customers.

According to plaintiff, within a few days of his shipping the ducts to customers, he began receiving complaints and cancellations and complained to Atco representatives, but they told him there should not be a problem so he continued to ship to customers. In March 1984 he again complained that the ducts were deficient and that he wanted Atco to replace the materials. In a letter dated April 3, 1984, an Atco employee explained that the problem was due to defective materials. Apparently in reliance on that information, plaintiff then placed a second order for ducts with Atco and again supplied the stainless steel used in their production. This order was completed in May 1984 and again picked up by plaintiff. Evidently, plaintiff was not charged for this order.

Thereafter, plaintiff commenced this action for, *inter alia*, negligence and breach of warranty contending that he sustained damages for the cost of the steel and for lost profits. After a bench trial, Supreme Court concluded that Atco failed to inspect or test the product and that plaintiff was damaged as a result. It found that the ducts were not fit for their intended use and that Atco was guilty of a breach of warranty. Judgment was awarded to plaintiff in the amount of $12,212.13. Atco appeals.

A review of the record shows that sufficient proof was adduced at trial to support Supreme Court's conclusion that Atco represented to plaintiff that the steel ducts could be used as chimney liners and that the ducts were not fit for their

intended use. While there was also contrary evidence on these issues, giving Supreme Court the appropriate deference on questions of credibility, we see no basis to disturb the court's findings (*see, J & J Structures v Callanan Indus.*, 215 AD2d 890; *Niles v State of New York*, 201 AD2d 774). In this regard, we emphasize that it was Supreme Court alone that had the advantage of observing the parties firsthand (*see, Clearwater Excavating Corp. v JZG Resources*, 213 AD2d 923). Contrary to the dissent's argument, in our view the record does not reveal a basis to disturb the court's resolution of the sharply conflicting testimony presented at trial (*see, Osgood v Bucking-Reddy*, 202 AD2d 920).

Nor do we accept Atco's argument that the transaction between the parties was primarily service oriented and that, therefore, an action for breach of warranty does not lie. It is true that if a transaction is deemed to be predominantly service oriented, the case falls outside UCC article 2 and a plaintiff would have no cause of action for breach of warranties (*see, Milau Assocs. v North Ave. Dev. Corp.*, 42 NY2d 482; *Word Mgt. Corp. v AT&T Information Sys.*, 135 AD2d 317). Here, however, it is clear that the transaction was for a sale of goods, not services. Atco argues that plaintiff provided the stainless steel that Atco used in making the ducts. Supplying materials, however, is only one factor to be considered in determining the type of transaction involved (*see, Manes Org. v Standard Dyeing & Finishing Co.*, 472 F Supp 687). Here, it cannot be said that service dominated the transaction and that the transfer of the personal property was merely incidental (*see, Perazone v Sears, Roebuck & Co.*, 128 AD2d 15; *cf., Lino Del Zotto & Son Bldrs. v Colombe*, 216 AD2d 778). The evidence in the record indicates that the ducts were a product sold to plaintiff for resale to his customers. There is nothing that indicates that Atco was to perform any services other than using the raw materials supplied by plaintiff. This was a sale of goods, not a service oriented transaction (*see, County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.*, 114 AD2d 728, *appeal dismissed* 67 NY2d 757). Thus, UCC article 2 warranties did apply.

We do, however, agree with Atco that the negligence cause of action should have been dismissed. Where, as here, an action seeks to recover for economic loss and not for personal injury or property damage and where the transaction is deemed to be a sale of goods, a plaintiff may not maintain the traditional tort cause of action of negligence (*see, Word Mgt. Corp. v AT&T Information Sys., supra; Krzys v American*

*Honda Motor Co.*, 124 AD2d 947, *lv denied* 69 NY2d 606; *see also, Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.]*, 84 NY2d 685). Nevertheless, because the proof supports Supreme Court's conclusion that there was a breach of warranty, its finding that Atco was also negligent does not at this stage require a reversal on the question of liability.

Turning to the question of damages, it is true, as Atco notes, that tort damages are not available where the claimed losses flow from damages to the product itself (*see, Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.]*, supra, at 693-694). Here, however, Supreme Court's award was limited to plaintiff's consequential and incidental damages which are properly available in a breach of warranty action (*see, Emerald Painting v PPG Indus.*, 99 AD2d 891). We also note that Atco does not challenge the court's actual numerical calculations. Given that the court's measure of damages was not clearly excessive (*see, Dean v Long*, 127 AD2d 899), we cannot say that it was improper.

White and Peters, JJ., concur.

Mercure, J. (dissenting). We respectfully dissent. In our view, the trial evidence preponderated in favor of a finding that, in processing plaintiff's stainless steel, defendant Atco Rubber Products, Inc. breached no duty of care or express or implied warranty in favor of plaintiff. Applying the oft-stated principle that this Court has broad authority to review a verdict after a nonjury trial and, in an appropriate case, may render the judgment it finds warranted by the facts (*see, Rubin & Sons v Clay Equip. Corp.*, 184 AD2d 168, 170, *lv dismissed* 82 NY2d 748; *D. C. Leathers v Gelmart Indus.*, 125 AD2d 738, 739), we would reverse Supreme Court's judgment and dismiss the complaint.

The detailed, consistent and fully plausible testimony of Atco's witnesses, in many cases based upon or assisted by contemporaneous notes and memoranda, established that the initial order placed by plaintiff was in essence a test to determine whether a machine manufactured and marketed by Metalflex Corporation was capable of producing a stainless steel duct that plaintiff could market as a chimney liner. That testimony made it clear that plaintiff never made Atco aware of his need for a highly flexible (as opposed to "bendable") product or of his intent to wind the 20-foot lengths of duct around an 18-inch diameter mandrill to facilitate their shipment to his customers. The record persuasively demonstrates that plaintiff's own overflexing of the duct in connection with this winding process was the proximate cause of its failure. In contrast, plaintiff's testimony was vague, conclusory, often

implausible and inconsistent with prior deposition testimony in significant respects. Notably, plaintiff testified at a deposition conducted over two years prior to trial that he had no recollection of any conversations he had with Atco and could not even identify the person he spoke with. Nonetheless, he testified at trial that "[e]verybody at [Atco's] plant" was intimately acquainted with his intended use of the product and assured him that they could satisfy his needs.

Contrary to Supreme Court's express finding, the evidence shows that Atco thoroughly tested the product to ensure that the seams were secure and that the duct was free from defects at the time it was delivered to plaintiff. In fact, the record establishes plaintiff's own negligence in failing to properly inspect the wound lengths of duct before shipping them to his customers. Further, the evidence confirms that Atco processed the second order (for which it was not paid) only at plaintiff's insistence and upon the express agreement that Atco be relieved of any liability for product defects or failure. As a final matter, we agree with Atco that the transaction between the parties was primarily service oriented and, thus, outside the scope of UCC article 2. It is undisputed that plaintiff selected, purchased and caused the strip stainless steel to be delivered to Atco's plant for processing, at the conclusion of which plaintiff sent his own truck to pick it up (*see, North Am. Leisure Corp. v A & B Duplicators*, 468 F2d 695; *Manes Org. v Standard Dyeing & Finishing Co.*, 472 F Supp 687, 690). Although not determinative, we also note the insignificant $375 charge for Atco's processing, as compared to the $5,200 cost of the material.

Spain, J., concurs. Ordered that the judgment is affirmed, with costs.