■ Robert Vitolo, Respondent, v Dow Corning Corporation, Defendant, and Bristol-Myers Squibb Company, Inc., et al., Appellants. [651 NYS2d 104] —In an action, *inter alia,* to recover damages for negligence, the defendants Bristol-Myers Squibb Company, Inc., Surgitek, Inc., and Medical Engineering Corp. appeal from so much of an order of the Supreme Court, Richmond County (Leone, J.), dated November 21, 1995, as denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is modified by deleting the provisions thereof which denied those branches of the appellants' motion which were to dismiss the causes of action to recover damages for negligence and negligence per se insofar as asserted against them and substituting therefor provisions granting those

branches of the appellants' motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff is a reconstructive and plastic surgeon. Prior to 1992, a large part of his practice was devoted to cosmetic breast surgery using silicone implants that he purchased from the appellants. In 1992, the United States Food and Drug Administration found silicone breast implants to be unsafe and imposed a moratorium on their use. As a result, several of the plaintiff's patients sued him to recover damages, *inter alia,* for malpractice, and the plaintiff's practice suffered. The plaintiff subsequently commenced this action against the manufacturers of the breast implants and the silicone gel that is used in them. The plaintiff claimed he suffered economic harm and loss of income due to the negative publicity about silicone breast implants and the defendants' failure to disclose their risks. The plaintiff's complaint asserts causes of action to recover damages for (1) common-law negligence, (2) negligence per se, (3) fraud and fraudulent misrepresentation, and (4) violation of General Business Law § 349, which prohibits deceptive business acts and practices.

The plaintiff seeks to recover damages for economic loss, not for personal injuries or property damage. If the underlying transaction is deemed to be a sale of goods, and thus falls within UCC article 2, the plaintiff's remedies are limited to his contractual remedies, and he may not maintain the traditional tort causes of action of negligence and strict products liability *(see, Schiavone Constr. Co. v Elgood Mayo Corp.,* 56 NY2d 667, *revd for reasons stated by Silverman, J., at App Div* 81 AD2d 221; *Word Mgt. Corp. v AT&T Information Sys.,* 135 AD2d 317, 321). On the other hand, if the underlying transaction is deemed to be predominantly service oriented, it falls outside of UCC article 2, and the plaintiff does not have a cause of action to recover damages for breach of implied or express warranty, but he does have a negligence cause of action *(see, Milau Assocs. v North Ave. Dev. Corp.,* 42 NY2d 482, 486; *Word Mgt. Corp. v AT&T Information Sys., supra).* If service dominates the transaction and the transfer of personal property is merely incidental to that transaction, then it is deemed to be predominantly service oriented *(see, McDowell v Atco Rubber Prods.,* 221 AD2d 876).

It cannot be said that service dominated the transactions between the plaintiff and the appellants. Although the appellants may have serviced the plaintiff's account by, *inter alia,* inspecting defective implants and providing the plaintiff with

medical and product information, those services were incidental to the transfer of silicone breast implants to the plaintiff. Therefore, the underlying transaction is deemed to be a sale of goods, UCC article 2 applies, and the plaintiff may not maintain negligence causes of action against the appellants *(see, Schiavone Constr. Co. v Elgood Mayo Corp., supra; Word Mgt. Corp. v AT&T Information Sys., supra; McDowell v Atco Rubber Prods., supra).*

We have considered the appellants' remaining contentions and find that they are without merit. Bracken, J. P., Copertino, Joy and Altman, JJ., concur.