■ Otis Elevator Company, Respondent, v Michael Della Vecchia & Son, Inc., et al., Appellants, et al., Defendant. [654 NYS2d 576] —In an action to foreclose on a mechanic's lien, the defendants Michael Della Vecchia & Son, Inc., and Michael Della Vecchia appeal from a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), entered September 25, 1995, which, after a nonjury trial, awarded the plaintiff the principal sum of $70,033.90. Justice Florio has been substituted for the late Justice Hart (see, 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed, with costs.

Contrary to the appellants' contention, a description in a notice of lien that includes unimproved property is not fatal to the validity of the lien (see, Matter of Niagara Venture v Sicoli & Massaro, 77 NY2d 175; East Coast Mines & Materials Corp. v Golf Course Props. Co., 228 AD2d 545).

The appellants contend that the Supreme Court erred in dismissing their counterclaim for breach of contract. However, the determination of the trial court concerning the credibility of the witnesses is not lightly disturbed on appeal (see, New Day Bldrs. v SJC Realty, 219 AD2d 623; Clearwater Excavating Corp. v JZG Resources, 213 AD2d 923; Brooklyn & Queens El. Co. v Excel Assocs., 115 AD2d 630). Our review of the trial testimony supports the determination by the Supreme Court that the appellants' witnesses were not credible. Therefore, the dismissal of the appellants' breach of contract counterclaim was proper.

The appellants' remaining contentions are without merit. Altman, J. P., Goldstein, Florio and McGinity, JJ., concur.