■ WESTVACO CORPORATION, Appellant, v INTERNATIONAL CHIMNEY CORPORATION, Respondent, et al., Defendant. [672 NYS2d 330] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered June 10, 1997, dismissing the complaint and bringing up for review orders of the same court and Justice, entered the same date, which granted the motion of defendant International Chimney Corporation (ICC) to dismiss the complaint based on the Statute of Limitations, and denied plaintiff's motion for a jury trial on the issue of when defendant ICC completed the work, unanimously affirmed, without costs. Appeals from said orders, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

Plaintiff commenced this action against ICC on September 7, 1995. The sole cause of action alleged by plaintiff against ICC was for breach of contract, based on ICC's performance of work on a chimney owned by plaintiff and located in Maryland. The purchase orders, drafted by plaintiff, contained a choice of law provision requiring application of Maryland law, and, in clause 3, provided that to the extent that the agreement involved the purchase of services, such services were to be regarded as goods for the purpose of determining the obligations of the parties.

Following trial, a jury returned a verdict of liability for plaintiff. Then, in accordance with the parties' prior understanding, the trial court addressed and granted ICC's motion to dismiss the complaint based on the Statute of Limitations.

In light of clause 3 of the purchase orders, the trial court properly determined that the 4-year Statute of Limitations set forth in UCC 2-725 (1) applied to plaintiff's action. Clearly, clause 3 was intended by plaintiff to avoid the "goods/services" dichotomy, and to ensure that the parties' contract would be construed as one for the furnishing of goods so that the UCC's relatively favorable warranties of fitness and merchantability would apply (*see, Hass Co. v Kristal Assocs.*, 127 AD2d 541, *lv denied* 69 NY2d 611; *Anthony Pools v Sheehan*, 295 Md 285, 455 A2d 434; *Burton v Artery Co.*, 279 Md 94, 103-104, 367 A2d 935, 940-941). There is no reason why that claim should

not be governed by the UCC's applicable limitations period, plaintiff having otherwise brought its claim within the UCC.

In addition, since plaintiff waived a jury trial on the issues of when defendant completed the work and when its cause of action accrued, the trial court's finding that work was completed and tendered in August 1991 was properly based on the allegations of plaintiff's complaint and the evidence at trial. Contrary to plaintiff's argument, the incidental matter of removing scaffolding neither extended the completion date of the project nor the commencement of the running of the Statute of Limitations (*see, State of New York v Lundin*, 60 NY2d 987, 989).

Accordingly, since plaintiff did not commence this action until September 7, 1995, more than 4 years subsequent to the action's accrual in August 1991, the trial court properly granted defendant judgment dismissing the complaint as barred by the applicable Statute of Limitations. Concur—Milonas, J. P., Williams, Tom, Andrias and Saxe, JJ.