■ DAVID WALDMAN, Respondent, v NYNEX CORP., Appellant. [696 NYS2d 39] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered January 21, 1999, which granted defendant's CPLR 3211 (a) (7) motion to dismiss plaintiff's complaint to the extent of dismissing plaintiff's second and third causes of action, and to the further extent of deeming those portions of plaintiff's fifth cause of action, alleged under General Business Law § 601 (9) and Judiciary Law § 476, as withdrawn, but denied the motion in all other respects, unanimously affirmed, without costs.

Although plaintiff's employment with defendant had no stated term of duration and was accordingly presumptively terminable at the will of defendant for any reason or even for no reason (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 300), we agree with the IAS Court that, in the context of this pre-joinder motion, the allegations of plaintiff's complaint, as amplified by the affidavit submitted in opposition to the motion, allege sufficient facts to make out causes of action within the narrowly drawn exceptions to the at-will doctrine outlined in *Weiner v McGraw-Hill, Inc.* (57 NY2d 458; *see, Mulder v Donaldson, Lufkin & Jenrette*, 208 AD2d 301) and *Wieder v Skala* (80 NY2d 628). Similarly, the IAS Court properly determined to await further development of the record before

finally ruling upon the viability of plaintiff's claims under Civil Rights Law § 51 and General Business Law § 349 (*see, Vitolo v Dow Corning Corp.*, 166 Misc 2d 717, 724, *affd in relevant part* 234 AD2d 361). Concur—Rosenberger, J. P., Tom, Mazzarelli, Saxe and Buckley, JJ.