(October 10, 2000)

■ ANTHONY LOBOSCO, Respondent, v NEW YORK TELEPHONE COMPANY/NYNEX, Appellant. [714 NYS2d 21] —Order, Supreme Court, New York County (Edward Lehner, J.), entered May 4, 1999, which, *inter alia*, denied defendant's motion insofar as it sought dismissal of plaintiff's first cause of action for breach of contract pursuant to CPLR 3211, reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Contrary to the conclusion reached by Supreme Court, plaintiff's complaint failed to allege sufficient facts to make out a cause of action within the narrowly drawn exceptions to the employment at-will doctrine outlined in *Weiner v McGraw-Hill, Inc.* (57 NY2d 458). To the extent that plaintiff points to our decision in *Waldman v NYNEX Corp.* (265 AD2d 164) in support of his claim, that case is clearly distinguishable. Unlike Waldman, plaintiff has neither alleged in the complaint nor submitted an affidavit asserting that he relied upon the provisions of the employment manual, which allegedly protected him from reprisals for reporting violations of the Code of Business Conduct. Concur—Sullivan, P. J., Tom and Friedman, JJ.

Mazzarelli and Saxe, JJ., dissent in a memorandum by Maz-

zarelli, J., as follows: I would affirm that portion of the IAS Court's order which denied defendant's motion to dismiss plaintiff's first cause of action for breach of contract. On an appeal from the denial of a CPLR 3211 motion to dismiss a complaint, this Court must assume the truth of plaintiff's allegations, and resolve all inferences reasonably flowing from those facts in plaintiff's favor (*Sanders v Winship*, 57 NY2d 391, 394). With this standard in mind, I would find that although plaintiff's employment with defendant had no stated term of duration and, accordingly, was presumptively terminable at the will of defendant for any reason or even for no reason (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 300), the factual allegations in the complaint are sufficient to make out a cause of action within the narrowly drawn exceptions to the at-will doctrine outlined in *Weiner v McGraw-Hill, Inc.* (57 NY2d 458). In *Weiner* (*supra*), the Court of Appeals held that, on an appropriate evidentiary showing, a limitation on an employer's right to terminate an employment of indefinite duration could come from an express provision in the employer's handbook on personnel policies and procedures.

Plaintiff's complaint asserted that he was given a copy of the NYNEX "Code of Business Conduct", which expressly directs: "Reporting Violations[.] If employees have knowledge or suspicion of any illegal, unethical or fraudulent acts anywhere within the NYNEX companies, they should discuss the matter immediately with their supervisor or notify any other manager, the Legal, Security or Internal Auditing departments, or the NYNEX Office of Ethics and Business Conduct." The manual further provides that: "NYNEX *assures* protection against any form of reprisal for reporting actual or suspected violations of our Code of Business Conduct." (Emphasis supplied.)

Plaintiff asserted that he was called to testify in an action in which NYNEX was a party defendant, and that certain attorneys from the legal department pressured him to give false testimony. He refused, and he also alerted one member of the legal department that another employee had removed documents related to the action, which this employee only intended to return if they were favorable to the case. Plaintiff further asserted that as a result of his actions, the attorneys minimized his role in the litigation. Next, the complaint stated that plaintiff became the target of an improper internal investigation, which he informed the company that he intended to report to NYNEX's Office of Ethics and Business Conduct. He was subsequently terminated.

In *Waldman v NYNEX Corp.* (265 AD2d 164), this Court

recently upheld a breach of contract cause of action against NYNEX on behalf of an employee who was terminated. That claim was based on a breach of the identical assurances in the same NYNEX employee manual at issue in this case. The majority here attempts to distinguish this case from *Waldman* solely upon the fact that nowhere in this complaint did plaintiff use the exact word "rely" when referring to the provisions in the employment manual. However, plaintiff's actions, especially his stated intention to report unethical behavior to the Office of Ethics and Business Conduct, which was the department specifically designated in the handbook as handling such matters, demonstrates that he was, in practice, acting in accordance with the manual's directions and in reliance upon the sincerity of its assurances. To mandate that the complaint contain the explicit word "reliance", in these circumstances, exalts form over substance and would harken back to the days before the enactment of the CPLR, when the form of pleadings was more important than their content and meaning.

Thus, viewing the complaint in the light most favorable to plaintiff, and drawing all reasonable inferences in plaintiff's favor, as is proper on a CPLR 3211 motion, I would find that the purposeful conduct described in the complaint satisfies the "salient and necessary prerequisite" of reliance set forth in *Weiner* (*Mulder v Donaldson, Lufkin & Jenrette*, 208 AD2d 301, 307).