OPINION OF THE COURT
Memorandum.
On the court’s own motion, the appeals are consolidated for purposes of disposition.
Order which denied plaintiffs motion for summary judgment unanimously affirmed without costs.
Order which denied defendant’s cross motion for summary judgment unanimously modified by providing that defendant’s cross motion is granted to the extent of dismissing plaintiffs second cause of action; as so modified, affirmed without costs.
As the record clearly demonstrates the existence of a written offer and conduct which was sufficient to unequivocally accept its terms, there was a written contract between the parties without regard to whether defendant’s stamped name and address on the agreement constituted its signature (see, Eldor Contr. Corp. v County of Nassau, 272 AD2d 509; Personnel Career Servs. v Clough, Harbour & Assoc., 202 AD2d 744; Costello Assoc. v Standard Metals Corp., 99 AD2d 227; Joseph v Atlantic Basin Iron Works, 132 NYS2d 671; see also, General Construction Law § 46). Accordingly, the second cause of action must be dismissed. However, as the record does not establish whether the contract was mailed to plaintiff before she attempted to cancel it, defendant was not entitled to summary judgment dismissing plaintiffs first cause of action which alleged that she was entitled to a full refund of her payments upon her cancellation pursuant to the Retail Instalment Sales Act (see, Personal Property Law § 401 [7]; § 405).
*268 We note, however, insofar as the first cause of action also alleges that plaintiff was entitled, to a refund because the contract did not contain the warnings which are required to be set forth on a retail instalment obligation, this argument lacks merit as there was no requirement that the contract contain the warnings set forth in Personal Property Law § 402 (2) (a) and (b) (see, Personal Property Law § 402 [2], [7]). In any event, even if defendant’s failure to set forth warnings on the contract constituted a violation of the Retail Instalment Sales Act, such a violation would not have entitled plaintiff to a full refund (see, Personal Property Law § 414; Ben Constr. Corp. v Snushall, 44 Misc 2d 878).
Although the record is unclear whether plaintiff canceled the contract before defendant mailed an executed copy of the contract to her or after the mailing of the contract, it clearly demonstrates that she repudiated the contract. As previously noted, if plaintiff properly canceled the contract, she is entitled to prevail on her first cause of action. (We do not pass on the merits of her third and fourth causes of action and whether she might be entitled, in the alternative, to recover thereunder as neither party addresses such causes of action on this appeal.) However, if she did not properly cancel the contract, she is deemed to be a breaching party. Plaintiff’s fifth cause of action seeks, in effect, to recover the money she paid to defendant as a down payment. As the contract herein is predominantly a contract for services (see, Perlmutter v Beth David Hosp., 308 NY 100; Schenectady Steel Co. v Trimpoli Gen. Constr. Co., 43 AD2d 234, affd 34 NY2d 939; cf., Vitolo v Dow Corning Corp., 234 AD2d 361; McDowell v Atco Rubber Prods., 221 AD2d 876; Sears, Roebuck & Co. v Galloway, 195 AD2d 825; Hass Co. v Kristal Assoc., 127 AD2d 541; Triangle Underwriters v Honeywell, Inc., 604 F2d 737), it is not subject to the Uniform Commercial Code (see, UCC 2-102; Schenectady Steel Co. v Trimpoli Gen. Constr. Co., supra). As a breaching party, under the common law, there is authority which supports the conclusion that plaintiff would not be able to maintain a cause of action to recover any portion of the money she paid defendant (see, Maxton Bldrs. v Lo Galbo, 68 NY2d 373; Lawrence v Miller, 86 NY 131; Kaplan v Scheiner, 1 AD2d 329, 330; Waldman v Greenberg, 265 App Div 827; Muskegon S.S. Corp. v Fisk, 200 App Div 621; Lichtman v I.P.M. Indus., 158 NYS2d 813; see also, 22A NY Jur 2d, Contracts § 558; cf., UCC 2-718).
However, the Court of Appeals has implicitly questioned, in a case where no actual damages are shown to have been *269 sustained, whether a breaching party should have to forfeit instalment payments beyond a 10% down payment (see, Maxton Bldrs. v Lo Galbo, supra at 382 n 3). Although defendant herein did not specify the actual costs it incurred or its typical profit margin on such a contract, inasmuch as plaintiff was faced with a choice between paying the last one third of the contract price for a procedure she did not want or surrender the two thirds of the contract price which she already paid, it is possible that either choice penalized plaintiff disproportionately to the loss which defendant would have suffered if plaintiff improperly cancelled the contract. Moreover, if defendant is permitted to retain the two thirds of the contract price which was paid by plaintiff as a down payment, it is possible that defendant would be “reaping] a windfall well above actual harm sustained” (Truck Rent-A-Ctr. v Puritan Farms 2d, 41 NY2d 420, 424). “[P]ublic policy is firmly set against the imposition of penalties or forfeitures for which there is no statutory authority” (Truck Rent-A-Ctr. v Puritan Farms 2d, supra at 424, citing City of Rye v Public Serv. Mut. Ins. Co., 34 NY2d 470, 472-473). Therefore, to the extent the money paid by plaintiff is grossly disproportionate to the profit which defendant would have realized if the contract had been performed to completion, defendant should only be permitted to retain 10% of the contract price or the amount of profit it actually lost, whichever is greater. To hold otherwise would violate public policy (see, Truck Rent-A-Ctr. v Puritan Farms 2d, supra at 424; City of Rye v Public Serv. Mut. Ins. Co., supra at 472-473). Consequently, defendant is not entitled to summary judgment dismissing plaintiff’s fifth cause of action inasmuch as plaintiff may be entitled to recover a portion of her payments.
The parties’ remaining contentions are similarly without merit.
Pesce, P.J., Aronin and Patterson, JJ., concur.