Montgomery v Emanon S. Corp. (2026 NY Slip Op 01050)

Montgomery v Emanon S. Corp.

2026 NY Slip Op 01050

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-11194
 (Index No. 206385/22)

[*1]Cindy L. Montgomery, etc., et al., respondents,
vEmanon South Corp., et al., appellants.

McAuliffe Law, PLLC, East Hampton, NY (E. Timothy McAuliffe, Jr., of counsel), for appellants.
Blangiardo & Blangiardo, Riverhead, NY (Frank J. Blangiardo of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated September 18, 2024. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for breach of contract.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs allege that in June 2020, they entered into an oral agreement with the defendants to provide staging services for a property owned by the defendants in Southampton in exchange for a design fee of one percent of the gross sale amount when the property was sold. As part of the service, the plaintiffs allegedly provided all the home furnishings to be placed in the property, which the eventual purchaser of the property had the option to purchase. Pursuant to the alleged oral agreement, if the purchaser of the property elected that option, the defendants were to pay the plaintiffs an additional agreed-upon price for the home furnishings. The plaintiffs further allege that the property sold on February 23, 2022, for $4,925,000 with the purchaser electing to buy the property with the home furnishings. The defendants allegedly failed to pay the plaintiffs either the design fee or for the home furnishings.
The plaintiffs commenced this action, inter alia, to recover damages for breach of contract based on the alleged oral agreement. Thereafter, the defendants moved, pre-answer, pursuant to CPLR 3211(a) to dismiss the complaint, contending, among other things, that the purported oral agreement violated the statute of frauds under UCC 2-201. In an order dated September 18, 2024, the Supreme Court, inter alia, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for breach of contract. The defendants appeal.
"'On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) based on the statute of frauds, the court is required to accept the facts as alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference'" (374-76 Prospect Place [*2]Tenants Assn., Inc. v City of New York, 231 AD3d 911, 913, quoting Olden Group, LLC v 2890 Review Equity, LLC, 209 AD3d 748, 750).
Contrary to the defendants' contention, they failed to establish that the cause of action to recover damages for breach of contract is barred by the statute of frauds. Article 2 of the UCC only applies to agreements that are predominantly for the sale of goods, as opposed to the furnishing of services (see Dreamco Dev. Corp. v Cranesville Block Co., Inc., 229 AD3d 1187, 1188; Vitolo v Dow Corning Corp., 234 AD2d 361, 362). "If service dominates the transaction and the transfer of personal property is merely incidental to that transaction, then it is deemed to be predominantly service oriented" (Vitolo v Dow Corning Corp., 234 AD2d at 362).
Accepting the allegations in the complaint as true and according the plaintiffs the benefit of every favorable inference, the complaint sufficiently alleged that the defendants breached the oral agreement and that the agreement was predominantly service oriented (see Newport E. Inc. v Sviba Floral Decorators, Inc., 202 AD3d 482, 483; see also Golisano v Vitoch Interiors Ltd., 150 AD3d 1629, 1630).
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for breach of contract.
In view of the foregoing, we do not address the remaining contentions.
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court